IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tyran Wood, | : | |
| Plaintiff | : | Civil Action 2:12-cv-0978 |
| v. | : | Judge Frost |
| Gary Mohr, Director, Ohio Department of Rehabilitation and Correction, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |
| | : | |

**INITIAL SCREENING**
**REPORT AND RECOMMENDATION**

Plaintiff Tyran Wood, an inmate at the London Correctional Institution ("LoCI"), brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify

---

[1] The full text of §1915A reads:

>    (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>    (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted against defendant Mona Parks, but that on initial screening it does state claims for relief against the remaining defendants. The Magistrate Judge **RECOMMENDS** defendant Parks be DISMISSED but that the lawsuit continue as to the remaining defendants.

The complaint alleges before being incarcerated plaintiff Tyran Wood suffered a brachial plexus injury in a motorcycle accident. He underwent surger that included a spinal nerve graft. Defendants have failed to provide Wood with adequate followup care. A Cleveland Clinic consult recommended additional surgery to prevent Wood losing the use of his left arm. Defendants have failed and refused to recommend/ authorize the surgery. Named as defendants are Gary Mohr, Director, Ohio Department of Rehabilitation and Correction ("ODRC"); Stuart Hudson, Medical Director, ODRC; Doctor Eddy, head of ODRC's Collegial Review Committee; Mona Parks, Assistant

---

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

Chief Inspector, ODRC; and Doctor Barbara Woods, plaintiff Wood's principal physician at LoCI.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93 127 S.Ct. 2197 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

<u>Analysis.</u> The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. There is both an objective and a subjective component to a cruel and unusual punishment claim. *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009). The objective component requires a plaintiff to demonstrate that the medical need was "serious." *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).  To meet the subjective component, a complaint must plead "facts which show that the prison official had a 'sufficiently culpable state of mind.' [*Brennan v.*] *Farmer,* 511 U.S. [825], 834 [(1994)]; *Comstock* [*v. McCrary,* 273 F.3d 693], 834 [(6th Cir. 2001)."  Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Mere negligence does not constitute deliberate indifference.  *See, Estelle*, 429 U.S. at 106.  Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment.  *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

  Nonetheless, prison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment.  Deliberate indifference may be established in cases where it can be shown that a defendant rendered "grossly inadequate care" or made a "decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir.2002)(quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)); *see also Chance v. Armstrong*, 143 F.3d 698, 704 (2d Cir. 1998).  A complaint states a claim when it alleges that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to

4

undue suffering or the threat of tangible residual injury." *Westlake,* 537 F.2d at 860; *Scott v. Ambani,* 577 F.3d at 648.

Although the complaint generally alleges that defendants denied plaintiff needed care and surgery, the only specific allegation regarding defendant Mona Parks, Assistant Chief Inspector, ODRC, is that she reviewed plaintiff's grievance. In contrast, the complaint alleges that defendants Drs. Barbara Woods, Stuart Hudson, and Eddy refuse to recommend/authorize the surgery the Cleveland Clinic consult determined was necessary to preserve Wood's use of his left arm. The complaint further alleges that defendant Director Gary Mohr, having been advised of the medical necessity of the surgery, has refused to order the medical personnel under his supervision to have the surgery performed.

Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). Since the only allegation against defendant Parks is that she handled plaintiff's grievance, the complaint fails to state a claim against her.

Accordingly, it is hereby **RECOMMENDED** that defendant Mona Parks be **DISMISSED** from this lawsuit because the complaint fails to state a claim against her under 42 U.S.C. §1983. It is **FURTHER RECOMMENDED** that the lawsuit continue as to the claims alleged against defendants Gary Mohr, Director, ODRC; Stuart Hudson,

Medical Director, ODRC; Doctor Eddy, head of ODRC's Collegial Review Committee; Mona Parks, Assistant Chief Inspector, ODRC; and Doctor Barbara Woods.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.  Defendant Mona Parks is not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH  43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                                s/Mark R. Abel
                                                United States Magistrate Judge