IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Tyran Wood, : | |
| Plaintiff | : Case No. 2:12-cv-00978 |
| v. | : Judge Frost |
| Gary Mohr, *et al.*, | : Magistrate Judge Abel |
| Defendants | |
| | : |

**ORDER and**
**REPORT AND RECOMMENDATION**

Plaintiff Tyran Woods, a State prisoner, brings this action under 28 U.S.C. §1983 alleging that defendants have exhibited deliberate indifference to his serious medical needs by refusing to provide him with surgery for a brachial plexus injury. This matter is before the Magistrate Judge in accordance the provisions of 28 U.S.C. §636(b)(1)(B) for a report and recommendation on defendants Director Gary Mohr, Medical Director Stuart Hudson, Dr. Eddy, and Dr. Woods' December 17, 2012 motion to dismiss (doc. 10).

Defendants argue that plaintiff's claims are time barred. In 2008, prior to his incarceration, plaintiff was in a motorcycle accident and sustained a brachial plexus injury. He underwent surgery for this injury prior to his incarceration. On October 29, 2010, plaintiff filed a complaint in this Court seeking a second surgery for his injury. *See Wood v. ODRC*, Case No. 2:10-cv-00972 (S.D. Ohio 2010). In his 2010 complaint, plaintiff stated that he objected to the denial of his request for a second surgery by filing informal complaints, grievances, and appeals through the prison grievance procedure between August 29, 2010 and October 28, 2010.

Defendants maintain that plaintiff is precluded from bringing his claims in this action because they were not timely filed. Ohio provides a two-year statute of limitations for § 1983 cases. A civil rights claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action. Defendants maintain that in a medical indifference claim, the cause of action accrues on the date the plaintiff was denied medical care. The complaint alleges that plaintiff was denied his request for a second surgery for his brachial plexus injury as early as August 29, 2010. As a result, defendants argue that the statute of limitations expired by the end of August 2012. Plaintiff did not file his complaint until October 22, 2012 after the expiration of the limitations period.

Defendants also argue that plaintiff's action is barred by the Eleventh Amendment. Plaintiff seeks monetary and injunctive relief against defendants Mohr, Hudson, Eddy and Wood, all of whom plaintiff asserts are state employees and have been sued in their official capacities. The Eleventh Amendment prohibits suit against state officials in their official capacities. A suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office.

Defendants further argue that plaintiff's allegations concerning differences of opinion as to medical judgment, negligence, and medical malpractice are insufficient to state a claim under § 1983. Defendants maintain that plaintiff has asserted nothing more than a difference of opinion between his medical professionals, and defendants decision to pursue an alternative course of treatment for plaintiff is not actionable under § 1983.

In response to defendants' motion to dismiss, plaintiff Wood filed a motion for leave to amend his complaint in addition to his memorandum in opposition. Wood argues that his prior action was based, in part, on defendants' refusal to permit his to see a specialist. Defendants ultimately permitted plaintiff to be seen by a neurological specialist at the Cleveland Clinic. The specialist recommended that plaintiff undergo surgery in order to save the functional use of his arm. Defendants have refused to abide by this recommendation, and plaintiff maintains this denial has created a new and distinct cause of action, which stems form the date of this refusal. Plaintiff filed an informal complaint concerning this matter on January 28, 2012.

Plaintiff seeks leave to amend his complaint in order to assert claims against defendants in their individual capacities.

Plaintiff maintains that his claims are not simply based on a difference of opinion as to the medical treatment. He maintains that the medical treatment he is receiving is so woefully inadequate that it amounts to no treatment whatsoever. He argues that defendants have failed to provide him with treatment that will save his arm. Woods maintains that defendants have refused to provide him with treatment that has any chance of saving his arm, and their failure constitutes deliberate indifference to his serious medical needs.

**Discussion.** The complaint in the 2010 lawsuit alleged that Wood was in a 2008 motor cycle accident that resulted in a brachial plexus injury. He had a 2009 surgery on spinal column nerves that affect his left arm at the Cleveland Clinic. His surgeon told him that if the condition of the arm did not improve in 18 months, he would need a second surgery. When

he was incarcerated at the Noble Correctional Institution, Wood sought medical treatment for the arm. The 2010 complaint alleged: "I have not been taken to my doctor or an expert in spinal cord damage as my ailment continue to worsen daily. . . . I am being denied physical therapy and/or surgery." Named as defendants were the Ohio Department of Rehabilitation and Correction, Dr. Andrew Eddy, and Wexford Health Source.  (*Tyrone Wood v. Ohio Department of Rehabilitation and Correction, et al.,* 2:10-cv-972, Doc. 4, PageID 26-27.)

My April 21, 2011 Report and Recommendation recommended dismissing the Ohio Department of Rehabilitation and Correction because it was immune from suit. (*Id.,* Doc. 18.) Although Wood did not file an objection to the Report and Recommendation; on June 13, 2011, he filed a renewed motion for appointment of counsel and, alternatively, if that motion was denied, a motion to dismiss his claims against the other defendants without prejudice. (*Id.,* Doc. 20.) On July 7, 2011, Judge Frost denied the renewed motion for appointment of counsel but granted the motion to dismiss the remaining defendants without prejudice. (*Id.,* Doc. 22.)

Just before filing the motion to dismiss, the collegial review board ordered that Wood be seen by his surgeon at the Cleveland Clinic on June 1, 2011. (October 30, 2012 Complaint at ¶ 18, Doc. 3, PageID 36 and Doc. 3-1, PageID 49. The complaint alleges that the neurological specialist at the Cleveland Clinic informed him that he required additional surgery to prevent the loss of his arm. *Id.* at ¶ 19. Named as defendants in the 2012 case are Gary Mohr, Director of the Ohio Department of Rehabilitation and Correction; Stuart Hudson, Medical Director Director of the Ohio Department of Rehabilitation and Correction;

4

Doctor Eddy, Collegial Review Committee and Dr. Barbara Woods, London Correctional Institution. The basis for plaintiff's complaint in this case is defendants' refusal to follow the recommendation of the neurological specialist. According to plaintiff's July 17, 2012 informal complaint resolution, plaintiff received approval to be seen at the Cleveland Clinic on June 1, 2011. Doc. 3-1 at 10; PageID# 49.

In all constitutional tort actions, the court borrows the statute of limitations for personal torts from the State where the claim arose. *Owens v. Okure,* 488 U.S. 235, 250-51 (1989); *Hardin v. Straub,* 490 U.S. 536 (1989). The statute of limitations under Ohio law for actions brought pursuant to 42 U.S.C. § 1983 is two years. Ohio Revised Code §2305.10. *Browning v. Pendleton,* 869 F. 2d 989, 990 (6th Cir. 1989)(*en banc*). Federal law governs when the cause of action accrues. *See Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Under federal law, a claim ordinarily accrues "when the plaintiff knows or has reason to know the injury which is the basis of his action." *Id*. at 273. In determining when the limitations period starts to run, the Sixth Circuit has "looked to what event should have alerted the typical lay person to protect his or her rights." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991).

Here plaintiff Wood alleges a continuing constitutional tort. He sought medical treatment for his left arm while incarcerated at the Noble Correctional Institution. When he was dissatisfied with the responses to his requests, he filed the 2010 lawsuit against persons he believed responsible for the lack of treatment at Noble Correctional Institution.

In early June 2011, just before he moved to voluntarily dismiss the 2010 lawsuit, Wood was examined by a surgeon at the Cleveland Clinic who, the complaint here alleges, recommended that he see a hand surgeon to further evaluate his condition and perform the surgery. In November 2011, he was transferred to the London Correctional Institution. When his primary care physician there and the collegial review committee failed to provide him the treatment recommended by the Cleveland Clinic surgeon, Wood filed the present lawsuit.

The alleged June 2011 recommendation of the Cleveland Clinic surgeon was not an issue in the 2010 lawsuit. Neither was the failure of the defendants here to provide Wood with medical care at issue in that lawsuit. Because the claims here are based on medical care provided at the London Correctional Institution and hinge on the treating physician there and the collegial review committee failing to follow the June 2011 advice of the Cleveland Clinic surgeon that another surgery on the left arm was needed and should not be delayed, plaintiff's claim, which arose after the first lawsuit was dismissed, is not time barred.

Plaintiff's claims against defendants in their official capacities should be **DISMISSED**. Plaintiff is permitted, however, to amend his complaint to assert claims against defendants in their individual capacities.

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. There is both an objective and a subjective

component to a cruel and unusual punishment claim. *Quigley v. Thai,* 707 F.3d 675, 681 (6th Cir. 2013); *Scott v. Ambani,* 577 F.3d 642, 648 (6th Cir. 2009). The objective component requires a plaintiff to demonstrate that the medical need was "sufficiently serious." *Brennan v. Farmer,* 511 U.S. 825, 834 (1994). That is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

To meet the subjective component, a complaint must plead "facts which show that the prison official had a 'sufficiently culpable state of mind.' [*Brennan v.*] *Farmer,* 511 U.S. [825], 834 [(1994)]; *Comstock* [*v. McCrary,* 273 F.3d 693], 834 [(6th Cir. 2001)]." Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See, Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Nonetheless, prison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment. "One way a prison official can act with deliberate indifference is by 'consciously exposing the patient to an excessive risk of

serious harm' while providing medical treatment. LeMarbe v. Wisneski, 266 F.3d 429, 439 (6th Cir.2001)." *Quigley,* 707 F.3d at 682. Deliberate indifference may be established in cases where it can be shown that a defendant rendered "grossly inadequate care" or made a "decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir.2002)(quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)); *see also Chance v. Armstrong*, 143 F.3d 698, 704 (2d Cir. 1998). A complaint states a claim when it alleges that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake,* 537 F.2d at 860; *Scott v. Ambani,* 577 F.3d at 648.

Here, the complaint alleges more than a simple disagreement concerning the course of treatment. Plaintiff asserts that he is in danger of losing the use of his arm if he does not receive the recommended treatment. He further asserts that defendants' care is wholly inadequate to treat his condition. He maintains that defendants have been deliberately indifferent to his serious medical need. He contends that defendants know the risk he faces and refuse to provide the necessary treatment. He is not alleging medical malpractice or negligence; he is alleging a complete disregard of his serious medical need.

Plaintiff's January 28, 2013 motion for leave to amend the complaint (doc. 11) is **GRANTED**. The Clerk of Court is DIRECTED to file the amended complaint attached to the motion.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

For the reasons set out above, the Magistrate Judge **RECOMMENDS** defendants Director Gary Mohr, Medical Director Stuart Hudson, Dr. Eddy, and Dr. Woods' December 17, 2012 motion to dismiss (doc. 10) be **DENIED**.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civil. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge