IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tyran Wood, | : | |
| Plaintiff | : | Civil Action 2:12-cv-00978 |
| v. | : | Judge Frost |
| Gary Mohr, *et al.,* | : | Magistrate Judge Abel |
| Defendants | : | |

# Report and Recommendation

Plaintiff Tyran Wood, a State prisoner, brings this action under 42 U.S.C. § 1983 alleging  that defendants have exhibited deliberate indifference to his serious medical needs by refusing to provide him with surgery for a brachial plexus injury.  This matter is before the Magistrate Judge on plaintiff's May 15, 2013 motion for summary judgment (doc. 24).

## I.      Arguments of the Parties

### A.      Plaintiff Tyran Wood

Plaintiff argues that there is no question of material fact with respect to any issues in this case and that he is entitled to judgment in his favor as a matter of law. Plaintiff suffered a brachial plexus injury prior to his incarceration. On January 2, 2009, plaintiff underwent surgery. He was advised the further surgery may be necessary. At his sentencing, plaintiff maintains that he was advised by the court that the Ohio

Department of Rehabilitation and Corrections ("ODRC") would ensure that he was provided with all necessary medical care. Plaintiff's sentencing was deferred to permit him the opportunity to undergo his first surgery. Plaintiff contends that during his incarceration he has been deprived of medical care and the opportunity to see a specialist for treatment of his injury. As a result, plaintiff filed suit in this Court in 2010. Plaintiff voluntarily dismissed his 2010 case after ODRC permitted plaintiff to see a specialist at the Cleveland Clinic.

The specialist informed plaintiff that in order to avoid completely losing the use of his left arm, plaintiff required further surgery. Plaintiff maintains that defendants have refused to comply with the specialist's orders. Instead, plaintiff has undergone physical therapy with no assistance or guidance from a medical professional. Plaintiff maintains that this so-called physical therapy has been completely ineffective.

The refusal to provide plaintiff with surgery is the decision of defendants Dr. Eddy, Dr. Woods, Mona Parks and John Gardner, who comprise the Collegial Review Board. Plaintiff contends that the Collegial Review Board has an established track record of depriving prisoners of necessary health care and providing substandard treatment, if any,  for no other reasons than to reduce costs. Plaintiff argues that the condition of his arm continues to deteriorate and that he has not received the necessary surgery.

Plaintiff argues that none of the facts asserted above are in dispute and that he is entitled to summary judgment. He requests an injunction ordering defendants to permit his surgery and provide all necessary follow-up care recommended by the surgeon.

### B.    Defendants

In response to the motion for summary judgment, defendants argue that plaintiff has failed to meet his burden demonstrating that he is entitled to judgment as a matter of law. Defendants maintains that the documents attached to plaintiff's motion are not admissible as evidence and cannot be considered by the Court. Plaintiff's motion is not supported by deposition transcripts, affidavits from medical professionals or other admissible documentary evidence. Plaintiff's documents consist of a letter that, without laying the proper foundation at trial, would be barred by the hearsay rule; information taken from that internet that would be barred by the hearsay rule; a letter written by Dr. Michael Steinmetz that, without laying the proper foundation at trial, would be barred by the hearsay rule; a transcript of proceedings in plaintiff's criminal case tendered presumably for the purpose of showing that plaintiff obtained an affidavit from Dr. Steinmetz discussing plaintiff's surgery and treatment without providing the affidavit itself; a decision filed by the Chief Inspector responding to one of plaintiff's grievances that, without the proper laying of foundation at trial, would be barred by the hearsay rule; and plaintiff's own self-serving affidavit. Defendants argue that hearsay evidence may not be considered on a motion for summary judgment.

Defendants argue that plaintiff's affidavit fails to detail the status of his arm when he entered ODRC, the type of surgery he needs, the identify of the specialist, and the extent to which his arm would allegedly recover as a result of additional surgery.

Defendants further argue that plaintiff wholly fails to prove deliberate indifference on the part of defendants. According to defendants, plaintiff fails to identify how defendants violated his constitutional rights. He has failed to attach any documents indicating that his arm is likely to recover significantly from surgery or proving that he needs additional surgery. Defendants also maintain that plaintiff has failed to show how defendant acted with a sufficiently culpable state of mind in not providing surgery. Defendants contend that plaintiff's claim amounts to a difference of opinion between him and the prison health care providers. Plaintiff has not demonstrated that his physical therapy regime is so woefully inadequate as to constitute no treatment at all.

## II.    Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the absence or presence of a genuine dispute must support that assertion by either "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B)

4

showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party may object that the cited material "cannot be presented in a form that would be admissible in evidence," and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2); Fed. R. Civ. P. 56 advisory committee's note. If a party uses an affidavit or declaration to support or oppose a motion, such affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

While the court must consider the cited materials, it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). However, "[i]n considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Revis v. Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.*, 489 F.3d at 279–80 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

### III.    Discussion

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs.  *Estelle*, 429 U.S. at 103-04.  Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Mere negligence does not constitute deliberate indifference.  *See, Estelle*, 429 U.S. at 106.  Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment.  *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

In his affidavit supporting his motion, plaintiff states:

> 3.    I previously filed a lawsuit and as a result, was permitted to see a neurological specialist at the Cleveland Clinic regarding the progress and prognosis for my brachial plexus injury;

4.    The specialist established that, in order to avoid completely losing the use of my left arm, I require the additional follow-up surgery contemplated at the time of the initial surgery;

5.    The defendants herein have refused to comply with the medical requirements established by the specialist and instead, offered me the opportunity to sit by myself and play with a rubber band as "physical therapy" with no assistance or guidance from any medical professional; and despite my compliance with this therapy and all honest effort, this has been completely ineffective and had zero results, and my condition continues to deteriorate;

6.    I have been advised by many other prisoners that their necessary medical care, recommended by various specialists, including but not limited to surgeries, medications and [their] medical treatments, have been consistently rejected by the "Collegial Review Committee" and it is abundantly apparent that the decision being made by these people in this committee are not treatment based or medical based decision, but rather are cost based, because no reasonable or effective alternative treatments are being provided. . . .

Doc. 24 at PageID 195.

Here, plaintiff has not demonstrated as a matter of law that he is entitled to judgment in his favor. He has not provided any admissible evidence from which a finder of fact could conclude that he must have surgery or risk losing the use of his arm. He also has not provided any admissible evidence demonstrating that defendants have acted with deliberate indifference to his serious medical needs.

**IV.    Conclusion**

For the reasons stated above, the Magistrate Judge RECOMMENDS that plaintiff Wood's May 15, 2013 motion for summary judgment (doc. 24) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel_____
United States Magistrate Judge