UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TYRAN WOOD,**

    **Plaintiff,**

    v.

**GARY MOHR, et al.,**

    **Defendants.**

Case No. 2:12-cv-978
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## ORDER

This matter is before the Court for consideration of the Magistrate Judge's December 5, 2013 Report and Recommendation (ECF No. 50), Plaintiff's objections (ECF No. 55), and Defendants' response to the objections (ECF No. 57). In the Report and Recommendation, the Magistrate Judge addressed Plaintiff's May 15, 2013 motion for summary judgment in which Plaintiff sought judgment as a matter of law on his 42 U.S.C. § 1983 claim that Defendants have shown deliberate indifference to Plaintiff's medical needs by failing to provide him with appropriate medical care. (ECF No. 24.) Reasoning that Plaintiff had failed to provide any admissible evidence in support of the motion for summary judgment, the Magistrate Judge recommended that the Court deny the motion. (ECF No. 50, at Page ID # 288.)

Plaintiff timely objected to the Report and Recommendation. (ECF No. 55.) When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings

1

or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Cognizant of the foregoing analytic framework, the Court has considered the Report and Recommendation and Plaintiff's objection in light of the record. As noted, the Magistrate Judge reasoned in the Report and Recommendation that Plaintiff had failed to present admissible evidence supporting his purported entitlement to summary judgment and, based on this lack of evidence, recommended that the Court deny Plaintiff's motion. Certainly, the Magistrate Judge could have provided a more fully detailed explanation for this recommendation. Neither the Report and Recommendation, the objections, nor Defendants' response to the objections present much in the way of fully developed and well-explained arguments or analysis that take the time and effort to discuss the details and delve into the case law. But the critical issue before this Court is not the bare-bones approach employed, but whether the Magistrate Judge reached an erroneous recommendation.

This Court agrees with the recommendation made. The Magistrate Judge apparently accepted Defendants' argument that the material that Plaintiff offered as summary judgment evidence was largely not admissible evidence and, as a result, that Plaintiff had failed to demonstrate an entitlement to judgment. These conclusions are sound.

Plaintiff attached to his summary judgment motion a number of documents. Nearly every single document lacked authentication, however, which means that the Court cannot consider the documents as part of its summary judgment analysis. *See Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) (considering a district court's refusal to consider unauthenticated or otherwise inadmissible documents and concluding that "it would have been improper for the district court to consider documents that were not admissible in evidence"); *Magnum Towing &*

*Recovery v. City of Toledo*, 287 F. App'x 442, 448 (6th Cir. 2008) (affirming summary judgment decision in which "the district court properly did not consider any documents . . . that were unauthenticated or otherwise failed to meet the requirements of [former] Rule 56(e) of the Federal Rules of Civil Procedure"); *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (explaining that "documents submitted in support of a motion for summary judgment must satisfy the requirements of [former] Rule 56(e); otherwise, they must be disregarded").

Additionally, much of the material upon which Plaintiff relies, including select portions of his affidavit, constitute inadmissible hearsay. Although Plaintiff's objections dispute this characterization, it appears that Plaintiff's argument is based on a misunderstanding of what is and is not hearsay. When Plaintiff references in his affidavit what a medical doctor communicated to him or what unidentified prisoners told him, it is inadmissible hearsay. *See Back v. Nestle USA, Inc.*, 694 F.3d 571, 577-78 (6th Cir. 2012); *Guindon v. Twp. of Dundee, Mich.*, 488 F. App'x 27, 38 (6th Cir. 2012). This Court can consider only admissible evidence, including only the non-hearsay portions of Plaintiff's affidavit. *See Rachells v. Cingular Wireless Emp. Serv., LLC*, 732 F.3d 652, 665 (6th Cir. 2013); *Carter v. Univ. of Toledo*, 349 F.3d 269, 274 (6th Cir. 2003). The Court also cannot accept those portions of the affidavit that present Plaintiff's subjective evaluation as conclusively establishing a fact. *See R.K. el rel. J.K. Bd. of Educ. of Scott Cnty., Ky.*, 494 F. App'x 589, 596 (6th Cir. 2012) (" 'Affidavits composed of hearsay and opinion testimony do not satisfy [former] Rule 56(e) and must be disregarded.' " (quoting *State Mut. Life Assurance Co. v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979))).

Equally unpersuasive is Plaintiff's contention that he is entitled to summary judgment because Defendants have failed to deny various factual allegations. This Court must necessarily

3

draw all reasonable inferences in favor of the non-movants, Defendants.  Moreover, even accepting some of Plaintiff's factual contentions as true, the incomplete facts do not demonstrate that Plaintiff is entitled to judgment.  This is not to say that Plaintiff can not or will not prevail in this litigation.  Rather, the Court concludes only that, based on the incomplete and insufficient evidence that this Court can actually consider in the context of Plaintiff's summary judgment motion, Plaintiff is not entitled to judgment as a matter of law.

Accordingly, having conducted a *de novo* review and after consideration of the Report and Recommendation and the objections, the Court **OVERRULES** Plaintiff's Objections (ECF No. 55), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 50), and **DENIES** Plaintiff's motion for summary judgment (ECF No. 24).

**IT IS SO ORDERED.**

   /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE