IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tyran Wood,                                    :

              Plaintiff          :          Civil Action 2:12-cv-00978

   v.                                         :          Judge Frost

Gary Mohr, *et al.*,                           :          Magistrate Judge Abel

           Defendants        :

**Report and Recommendation**

Plaintiff Tyran Wood, a State prisoner, brings this action under 42 U.S.C. § 1983 alleging that defendants have exhibited deliberate indifference to his serious medical needs by refusing to provide him with surgery for a brachial plexus injury. This matter is before the Magistrate Judge on defendants' December 6, 2013 motion for summary judgment (doc. 53).

I.      **Allegations in the Complaint**

Prior to his incarceration, plaintiff suffered an injury known as a brachial plexus injury from a motorcycle accident. He underwent a preliminary surgery, which included a spinal nerve graft and which requires follow-up evaluation for surgery. Compl. at ¶ 10. Without adequate follow-up care, plaintiff will lose complete use of his entire left arm. *Id.* at ¶ 11. A consultant with the Cleveland Clinic stated that without additional surgery, plaintiff would lose the use of his arm. *Id.* at ¶ 13. The complaint

1

alleges that defendants have refused to follow the recommendations of the medical consultants based on financial considerations. *Id.* at ¶ 14.

## II.  Arguments of the Parties

### A.  Defendants

On August 28, 2008, plaintiff Tyran Woods was in a motorcycle accident in which he sustained a left brachial plexus avulsion injury. On January 2, 2009, plaintiff had brachial plexus surgery. In June 2009, plaintiff was incarcerated. Defendants maintain that plaintiff was offered physical therapy. He was seen by physical therapists, doctors and nurses. He was prescribed shock treatments. Although he was prescribed pain medication, Wood chose not to take the medication. Defendants also maintain that plaintiff refused to attend several physical therapy sessions.

Defendants maintain that despite plaintiff's assertion that he requires surgery to prevent the total loss of the use of his arm, no doctor has stated that surgery is unequivocally necessary. Dr. Steinmetz states that surgery may be avoided as long as plaintiff does physical therapy. He cannot predict plaintiff's future medical or surgical treatment. Furthermore, hand surgery will not impact plaintiff's shoulder recovery or enhance his activities of daily living.

Defendants argue that plaintiff's belief that his arm can improve further with additional surgery is not enough to show that defendants have been deliberately indifferent to his serious medical needs. Defendants maintain that plaintiff cannot satisfy the objective component of his deliberate indifference claim because he cannot

2

show that he suffers from an objectively serious condition. Nothing in the record indicates that his shoulder will become useless without surgery. Although the initial injury was serious, defendants maintain that the current state of plaintiff's arm does not constitute an objectively serious condition.

Defendants further argue that plaintiff cannot satisfy the subjective component of his deliberate indifference claim because plaintiff cannot show that prison officials are aware of a significant risk to his health and are disregarding that risk. According to defendants, the record demonstrates that no surgery can return plaintiff to its pre-injury state nor provide him with any more benefits than he received from his previous surgery.

### B. Plaintiff

Plaintiff argues that defendants' exhibits attached to the motion for summary judgment are not directly related to his hand surgery. Plaintiff maintains that he has no problem with his shoulder and that he has experienced a full recovery. Plaintiff contends that defendants have neglected his arm and hand by denying him proper treatment and surgery. Dr. Milind Deoganokar's affidavit is not relevant because he is not a hand surgeon.

Plaintiff argues that defendants' reliance on plaintiff missing physical therapy appointments for his shoulder is misplaced because his shoulder has fully recovered. Dr. Deoganokar opined, however, that plaintiff could undergo hand surgery so that his tendons could be straightened out. Plaintiff also argues that defendants are improperly

3

attempting to shift attention to plaintiff's shoulder. Defendants have ignored plaintiff's arm and hand. Plaintiff has not been evaluated by a hand surgeon.

### III. Motion for Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the absence or presence of a genuine dispute must support that assertion by either "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party may object that the cited material "cannot be presented in a form that would be admissible in evidence," and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2); Fed. R. Civ. P. 56 advisory committee's note. If a party uses an affidavit or declaration to support or oppose a motion, such affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

4

While the court must consider the cited materials, it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). However, "[i]n considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Revis v. Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.*, 489 F.3d at 279–80 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

## IV.     Discussion

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. There is both an objective and a subjective component to a cruel and unusual punishment claim. *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009). The objective component requires a plaintiff to demonstrate that the medical need was "serious." *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). To meet the subjective

component, a complaint must plead "facts which show that the prison official had a

'sufficiently culpable state of mind.' [*Brennan v.*] *Farmer*, 511 U.S. [825], 834 [(1994)];

*Comstock* [*v. McCrary*, 273 F.3d 693], 834 [(6th Cir. 2001)." Prison officials are liable only

if they know of and disregard "an excessive risk to inmate health or safety; the official

must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511

U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See,*

*Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading

that he disagrees with the diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v.*

*Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Nonetheless, prison officials may not entirely insulate themselves from liability

under § 1983 simply by providing some measure of treatment. Deliberate indifference

may be established in cases where it can be shown that a defendant rendered "grossly

inadequate care" or made a "decision to take an easier but less efficacious course of

treatment." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th

Cir.2002)(quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)); *see also Chance*

*v. Armstrong*, 143 F.3d 698, 704 (2d Cir. 1998). A complaint states a claim when it alleges

that "prison authorities have denied reasonable requests for medical treatment in the

face of an obvious need for such attention where the inmate is thereby exposed to

6

undue suffering or the threat of tangible residual injury." *Westlake,* 537 F.2d at 860; *Scott v. Ambani,* 577 F.3d at 648.

In support of their motion for summary judgment, defendants submitted the affidavit of Dr. Milind Deoganokar, a neurosurgeon and former treating physician of Wood. *See* doc. 53-1 at PageID# 436. Dr. Deoganokar performed surgery on Wood's brachial plexus in 2009. *Id.* at ¶ 6. Prior to surgery, Wood had a flail arm, which means that he had no ability to move his arm or shoulder. *Id.* at ¶ 8. After his surgery, Wood was provided with a physical therapy regimen, which was necessary for him to improve his strength and mobility. *Id.* at ¶¶ 7-8. If plaintiff has some shoulder movement, that is the extent to which he is likely to improve. *Id.* at ¶¶ 13-14. Further surgery would not provide Wood with any further benefit than he has already experienced. *Id.* at ¶ 16. Dr. Deoganokar never suggested a subsequent brachial plexus surgery. *Id.* at ¶ 17. Some shoulder movement and possibly some elbow movement are the extent of Wood's maximum recovery. *Id.* at ¶ 18. Although Dr. Deoganokar recommended that plaintiff see a hand surgery, hand surgery would not enhance his shoulder recovery. *Id.* at ¶¶ 19 & 21.

Defendants submitted the affidavit of Dr. Michael Steinmetz with their reply in support of their motion for summary judgment. *See* doc. 63-1 at PageID# 467. Dr. Steinmetz also performed the brachial plexus surgery on Wood. *Id.* at ¶ 4. Dr. Steinmetz also recommended that plaintiff complete physical therapy. *Id.* at ¶ 5. The goal of physical therapy was to obviate the need for a subsequent shoulder surgery, a shoulder

fusion. *Id.* at ¶ 7. The treatment goal was to restore function to the shoulder, with useful function at minimum, and shoulder stability. *Id.* at ¶ 8.  Although Dr. Steinmetz contemplated the possibility that Wood might benefit from subsequent shoulder surgery following physical therapy, the subsequent surgery would likely be a fusion of his shoulder joint to prevent chronic dislocation. *Id.* at ¶ 10. Dr. Steinmetz stated that if Wood had some strength and movement in his shoulder, then he had achieved maximum recovery from his injury. *Id.* at ¶ 11.

The allegations in the complaint concern plaintiff's shoulder, not his hand. In response to defendant's motion for summary judgment, plaintiff has failed to offer any evidence supporting his assertion that further surgery, whether it be for his hand or shoulder, is necessary to prevent the loss of the use of his arm. On summary judgment, a plaintiff must point to evidence in the record that, if credited by the finder of fact, would prove that defendants subjected him to cruel and unusual punishment. Fed. R. Civ. P. 56(c)(1). Plaintiff has failed to meet this burden. Plaintiff has not provided any evidence to counter the affidavits of Drs. Deoganokar and Steinmetz concerning the need for additional surgery on his shoulder. Instead, plaintiff apparently concedes that he "has no problem with his shoulder, as he has experienced full recovery of such." Doc. 62 at PageID# 458.  Nor has plaintiff provided any evidence demonstrating that hand surgery is necessary. Although plaintiff was referred to a hand surgeon by his shoulder surgeons, he has not provided any evidence demonstrating that the failure to have his hand seen by a surgeon violated his constitutional rights. Based on the

8

uncontroverted evidence before the court, there is no apparent connection between the condition of plaintiff's hand and the potential loss of the use of his arm. As a result, the Magistrate Judge RECOMMENDS that defendants' motion for summary judgment be GRANTED.

### V.     Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants' December 6, 2013 motion for summary judgment (doc. 53) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel                    
United States Magistrate Judge

9