UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TYRAN WOOD,**

    **Plaintiff,**

    v.                                  Case No. 2:12-cv-978
                                         JUDGE GREGORY L. FROST
                                         Magistrate Judge Mark R. Abel

**GARY MOHR, et al.,**

    **Defendants.**

## ORDER

This matter is before the Court for consideration of the Magistrate Judge's April 1, 2014 Report and Recommendation (ECF No. 64), Plaintiff's objections (ECF No. 66), and Defendants' response to the objections (ECF No. 68). In the Report and Recommendation, the Magistrate Judge addressed the December 6, 2013 motion for summary judgment in which Defendants sought judgment on Plaintiff's 42 U.S.C. § 1983 claim that Defendants have shown deliberate indifference to Plaintiff's medical needs by failing to provide him with appropriate medical care. (ECF No. 53.) The Magistrate Judge recommended that the Court grant the motion. (ECF No. 64, at Page ID # 477.)

Plaintiff timely objected to the Report and Recommendation. (ECF No. 66.) When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Cognizant of the foregoing analytic framework, the Court has considered the Report and Recommendation and Plaintiff's objection in light of the record. This consideration leads to several conclusions.

First, today's decision does not turn on the fact that Plaintiff's objections arguably lack specificity. Defendants assert in their response to the objections that Plaintiff has simply made a blanket objection to the Report and Recommendation and that he is therefore not entitled to *de novo* review. The Court agrees that Plaintiff could have been more specific in identifying the particular errors he asserts exist in the Report and Recommendation. But the Court is also cognizant that Plaintiff is proceeding *pro se* and that Plaintiff has presented the Court with enough specificity so that this Court can understand the nature of the objections. Consequently, the Court regards the objections as sufficiently detailed to enable a *de novo* review.

Second, the Magistrate Judge did not err in concluding that "[t]he allegations in the complaint concern [P]laintiff's shoulder, not his hand." (ECF No. 64, at Page ID # 476.) Plaintiff takes issue with the Magistrate Judge's conclusion that Plaintiff has failed to demonstrate that had surgery is necessary or that there is even a connection between the condition of Plaintiff's hand and the use of his arm. Characterizing as "largely incorrect" the contention that his case has been about the use of his arm and focused on his shoulder, Plaintiff insists that his claim has always focused on his arm, which he states means that it has always encompassed his hand. (ECF No. 66, at Page ID # 479.) This characterization of Plaintiff's deliberate indifference claim does not gel with his amended complaint. Even a broad reading of that pleading reveals that the amended complaint focuses on the need for an additional shoulder surgery and does not address Plaintiff's hand. (ECF No. 19.)

Third, regardless of the limited reach of the claim expressed in the pleading, Plaintiff's objections still fail. Even assuming *arguendo* that Plaintiff's claim fairly encompasses his hand, this Court concludes that Defendants' election not to send Plaintiff to a hand surgeon is not of constitutional magnitude. Plaintiff's case is concerned with a purported failure to provide treatment that will allegedly result in the complete or partial loss of use of his left arm. *See* ECF No. 19 ¶¶ 11, 12, 13, 19, 20, 21, 22, 23, 33. The Magistrate Judge correctly recognized, however, that neither of Plaintiff's doctors connected hand surgery to the Plaintiff's use of his arm. In fact, as the Magistrate Judge explained, the evidence indicates that Plaintiff has reached full use of his arm and that hand surgery would *not* improve that use or improve his activities of daily living. There is thus only a difference of opinion in the necessity of treatment involved and not deliberate indifference to serious medical needs.

Accordingly, having conducted a *de novo* review and after consideration of the Report and Recommendation and the objections, the Court **OVERRULES** Plaintiff's Objections (ECF No. 66), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 64), and **GRANTS** Defendants' motion for summary judgment (ECF No. 53). The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE